**UNITED STATES of America,**
**Appellee,**

v.

**Brandon Michael LIFSHITZ,**
**Defendant–Appellant.**

**No. 03–1221.**

United States Court of Appeals,
Second Circuit.

March 30, 2004.

Celeste L. Koeleveld, Assistant United States Attorney for James B. Comey, United States Attorney for the Southern District of New York (Jennifer G. Rodg-

---

ers, on the brief), New York, NY, for Appellee.

Steven M. Statsinger, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Defendant–Appellant.

Present: CALABRESI, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the sentence imposed by the district court be and hereby is **AFFIRMED IN PART AND VACATED IN PART.**

Defendant Brandon Michael Lifshitz appeals from a judgment and sentence entered pursuant to his guilty plea. On appeal, he challenges three conditions of probation that the district court imposed. In an opinion filed along with this summary order, we consider the validity of one of those conditions.[1] The remaining two we address here. The facts relevant to this case are set forth in the accompanying opinion.

In reviewing a district court's sentencing decisions, we evaluate issues of law—including constitutional claims—*de novo.* *United States v. A–Abras Inc.,* 185 F.3d 26, 30 (2d Cir.1999). In other circumstances in which a defendant challenges probation conditions, we review the district court's determinations for abuse of discretion. *United States v. Beech–Nut Nutrition Corp.,* 925 F.2d 604, 608 (2d Cir.1991).

Lifshitz argues that the condition of probation specifying that he must register as a sex offender within New York State violates the Tenth Amendment. The probation condition states that:

The defendant shall register with the state sex offender registration agency in any state in which the defendant resides, is employed, carries on a vocation, or is a student, as directed by the probation officer. The defendant shall adhere to the registration and notification procedures of the state in which the defendant resides.

In *A–Abras Inc.,* 185 F.3d at 34, we upheld against a Tenth Amendment challenge a condition of supervised release requiring a defendant to pay a previously levied municipal fine at a specific annual rate. We considered first whether the federal sentence trespassed upon a state enforcement scheme, and, second, whether the sentence had ordered the state to act, which would violate *New York v. United States,* 505 U.S. 144, 112 S.Ct. 2408, 120 L.Ed.2d 120 (1992), and *Printz v. United States,* 521 U.S. 898, 117 S.Ct. 2365, 138 L.Ed.2d 914 (1997). *A–Abras Inc.,* 185 F.3d at 32–34. Applying that inquiry here, we determine that the probation condition is valid under the Tenth Amendment. New York law itself requires Lifshitz to register as a sex offender. *See* N.Y. Correct. Law §§ 168–a(1), (2); 168–f (West 2003). Furthermore, the New York statute places the burden of registering on the defendant, not the state. *See* N.Y. Correct. Law § 168–f. The condition in this case therefore simply reinforces—rather than interferes with—a pre-existing state enforcement scheme and does not commandeer the state's executive branch.

Lifshitz also objects to a condition specifying that he "shall not have deliberate unsupervised contact with any child under 17 years of age, unless approved by the probation officer." The defendant claims that "there was no evidence ... to suggest that he had ever demonstrated a sexual interest in young boys." In support of the

---

**1.** It is on that condition that we vacate and remand to the district court.

condition, the government points to a story that Lifshitz wrote involving incest between a 16–year–old boy and his younger sister. Rather than manifesting the defendant's sexual interest in boys, this story may instead demonstrate Lifshitz's concern about his past experience with incest. Nevertheless, in view of all the evidence in the record, we believe that this probation condition should be upheld under the deferential abuse of discretion standard that we apply.

The judgment and sentence of the district court is therefore **AFFIRMED IN PART AND VACATED IN PART.**